SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
FRANK FALZETTA, Cal. Bar No. 125146
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
E mail:    ffalzetta@sheppardmullin.com
          jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
KATHERINE C. SAMPLE, Cal. Bar No. 259325
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
E mail:    jcrowe@sheppardmullin.com
          ksample@sheppardmullin.com

Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOE, an individual, on behalf of himself, the general public and others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and MOES 1-25, inclusive,<br><br>        Defendants. | Case No.:<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION**<br><br>**[28 U.S.C. §§ 1332 and 1441(b); TRADITIONAL DIVERSITY JURISDICTION AND CAFA JURISDICTION]**<br><br>**Alameda County Superior Court, Case No. 23CV036346**<br><br>[*Filed Concurrently with Civil Cover Sheet and Notice and Certification of Interested Parties*] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant State Farm General Insurance Company ("State Farm") hereby removes the action titled *James Doe v. State Farm General Insurance Company*, Alameda County Superior Court Case No. 23CV036346, to the United States District Court for the Northern District of California, on the grounds set forth below:

## JURISDICTIONAL STATEMENT PER LOCAL RULE 3-5(a)

1. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over Plaintiff James Doe's claims and the claims of the unnamed putative class members under 28 U.S.C. §§ 1332, 1367 and 1441.

2. This Court also has original jurisdiction of this action under the Class Action Fairness Act of 2005, codified in relevant part at 28 U.S.C. section 1332(d)(2), because the amount in controversy exceeds $5 million, exclusive of interest and costs, is a purported class action with over 100 putative class members, and the Plaintiff and putative class members are citizens of a State different from that of defendant State Farm.

## INTRADISTRICT ASSIGNMENT PER CIVIL LOCAL RULE 3-5(b)

3. This action is appropriate for the San Francisco or Oakland Divisions because State Farm removes this action from the Alameda County Superior Court.

## BACKGROUND

4. On June 20, 2023, plaintiff James Doe ("Plaintiff") filed his Complaint against State Farm in the matter titled *James Doe v. State Farm General Insurance Company*, Alameda County Superior Court Case No. 23CV036346 (the "Lawsuit"). On August 17, 2023, Plaintiff filed a First Amended Complaint (the "FAC") in the Lawsuit.

5. On August 18, 2023, Plaintiff served State Farm's agent for service of process with the Summons, FAC, Civil Case Cover Sheet, Notice of Case Management Order, Notice of Complex Determination Hearing and Minute Order, true and correct copies of which are collectively attached hereto as Exhibit "A." Attached as Exhibit "B" is the Proof of Service of Summons filed by Plaintiff on August 21, 2021 and reflecting service of the Summons and Complaint in the Lawsuit on August 18, 2023.

6. In the Lawsuit, Plaintiff asserts causes of action for: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Violation of Bus. & Prof. Code § 17200; (4) Fraud; (5) Intentional and Negligent Infliction of Emotional Distress; (6) Violation of Unruh Civil Rights Act; (7) Violation of the Consumers Legal Remedies Act; (8) Defamation; and (9) "Wrongful Policy Cancellation." (FAC, ¶¶ 63-120.)

7. According to the FAC, State Farm issued Personal Articles Policy No. 05-CT-M429-2 to Plaintiff for the period effective from September 30, 2021 to September 30, 2022 (the "Policy"). (FAC, ¶ 6.) Subject to its terms, conditions, and limitations, the Policy has jewelry coverage limits up to $92,798. (Exhibit "C," the certified Policy.)

8. In the Lawsuit, Plaintiff alleges that, on June 19, 2022, he lost his Blancpain Villeret watch, which he values at approximately $30,300. (*Id.*, ¶¶ 6, 22.) In or around July 2022, Plaintiff made a claim for the "mysterious disappearance" of his watch. (*Id.*, ¶ 15.) The gravamen of Plaintiff's claims is that State Farm wrongfully referred Plaintiff's Claim for the lost watch to its Special Investigations Unit ("SIU") and unreasonably denied the Claim on January 3, 2023. (*Id.*, ¶¶ 15-16, 26.) Specifically, Plaintiff alleges that "State Farm weaponized its Special Investigation Unit to (wrongfully) deny insurance coverage for Plaintiff's legitimate and covered loss solely to increase its profitability. State Farm institutionalized these nefarious and unlawful practices within its organization, particularly in its SIU

department." (*Id.*, ¶ 16.) Plaintiff further alleges that State Farm denied the Claim and then canceled the Policy "based on its patently false and baseless January 3, 2023 letter, which was based on untruths, falsehoods, misinformation, and misleading information, that its SIU team, which included outside service providers that it hired, fabricated, manufactured, and deployed." (*Id.*, ¶¶ 26-27.) Plaintiff additionally claims, among other things, that State Farm's "selfish, callous, oppressive, and nefarious conduct toward Plaintiff [caused] him extreme emotional and mental traumas." (*Id.*, ¶ 104.)

9. Plaintiff seeks to bring the *Doe* Action "on behalf of himself and on behalf of all other similarly situated" individuals. (FAC, ¶ 49). He seeks to represent the following class: "All persons (1) insured under a Personal Articles Policy and a homeowners policy issued in California by State Farm; (2) who made a claim to State Farm for damages to or losses of their covered properties; (3) for claims where State Farm referred the claims to its Special Investigating Unit; and (4) … for claims which State Farm denied coverage or paid less than the amount of the fair market value or the replacement value of each loss." (FAC, ¶ 50).

## THE COURT HAS DIVERSITY JURISDICTION OVER THIS SUIT

10. The Court has traditional diversity jurisdiction over this action because the amount in controversy on Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs.

11. Plaintiff seeks "general, special and consequential damages according to proof," various forms of injunctive relief, and an order for "disgorgement of profits received through State Farm's unfair and unlawful business practices." (FAC, pp. 37-38.) Plaintiff also seeks recovery of, among other things: (a) "punitive and exemplary damages"; (b) attorneys' fees; and (c) "such other and further relief as the Court deems just and proper." (*Id.*)

12. Plaintiff's compensatory damages include the alleged value of the lost watch ($30,300) and damages for "extreme" and "severe emotional and mental

distress." (FAC, ¶¶ 6, 104-105.)  With a conservative estimate of $10,000 for Plaintiff's emotional distress damages, Plaintiff's compensatory damages total approximately $40,300.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered evidence of emotional distress damage awards in similar age discrimination cases in Washington state, and determined that the plaintiff's emotional distress damages "would add at least an additional $25,000 to her claim" for purposes of calculating the amount in controversy); *see also Major v. Western Home Ins. Co.*, 169 Cal.App.4th 1197, 1203 (2009) (upholding judgment against insurer and in favor of insured on first party claim, which included $31,359.55 in personal property damages and $450,000 in emotional distress damages).

13. In determining whether the "amount in controversy" requirement of 28 U.S.C. §1332(a) is met, a court "must" consider punitive damages in the calculation where recoverable under state law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir.1995)*,* quoting *Bell v. Preferred Life Society,* 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.").  Here, Plaintiffs seek recovery of punitive damages based on State Farm's alleged "bad faith" denial of Plaintiff's Claim for his lost watch.  A punitive damages award bearing only a 1:1 ratio to a compensatory damages award would place the amount in controversy over the jurisdictional minimum ($40,300 x 2 = $80,600).  *Guglielmeno v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (noting with approval District Court's consideration of a "conservative" 1:1 punitive to compensatory damages ratio on removal); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (referencing a 4:1 ratio between punitive and compensatory damages).

14. A court may also consider attorneys' fees where recoverable by state law in determining whether the "amount in controversy" exceeds $75,000. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). California law authorizes recovery of attorneys' fees where an insured is forced to sue to recover the benefits of the insurance contract. *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985). Reasonable estimates are acceptable in calculating the potential attorneys' fees at issue for purposes of determining the "amount in controversy." *Nasiri v. Allstate Indem. Co.*, 41 Fed.Appx. 76 (9th Cir. 2002) (insurer's estimates, including estimated attorneys' fees based on awards in similar cases, satisfied burden on removal); *Guglielmeno*, 506 F.3d at 698 (noting with approval District Court's consideration of a "conservative" estimated attorneys' fee award of 12.5 % of the compensatory damages alleged). Although this Court may consider an estimated attorneys' fee award, it need not do so because Plaintiff's other damage claims exceed the jurisdictional amount.

15. Because the "amount in controversy" on Plaintiff's claims exceeds the jurisdictional minimum, the amount of the claims of the other putative class members may be disregarded. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005); *Valdez v. Neil Jones Food Co.*, 2013 LEXIS 119651 (E.D. Cal. 2013) (removal of putative class action based on diversity jurisdiction proper where one of two named plaintiffs' claims exceeded the jurisdictional amount). The Court may exercise supplemental jurisdiction over the other putative class member claims. 28 U.S.C. §1367; *Exxon,* 545 U.S. at 599.

16. At all relevant times, including at the time Plaintiff filed his FAC in the Lawsuit and as of the date of this Notice of Removal, Plaintiff was and is a citizen and resident of the State of California, County of Alameda. (FAC, ¶ 31.)

17. State Farm is an insurance company that does business in more than one state in the United States. At the time of the Lawsuit's filing and this Notice of Removal, State Farm was and is a corporation organized under the laws of the State

of Illinois, with its principal place of business – meaning "the place where [its] officers direct, control and coordinate [its] activities" – located in Bloomington, Illinois. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Harris v. Rand*, 682 F.3d 846, 849 (9th Cir. 2012).

18. The citizenship of defendants sued under fictitious names is disregarded for removal purposes. *See* 28 U.S.C. § 1441(b).

19. Likewise, the citizenship of unnamed putative class members is disregarded for removal purposes. *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 365-66 (1921); *Gibson*, 261 F.3d at 931 fn. 2.

## THE COURT ALSO HAS JURISDICTION UNDER CAFA

20. The Court also has subject matter jurisdiction over this action under CAFA because, based on Plaintiff's allegations and State Farm's investigation: (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities; and (5) no CAFA exception applies here. *See* 28 U.S.C. § 1332(d).

21. The first CAFA requirement—that the parties be minimally diverse—is satisfied because a least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2). As recounted above, Plaintiff resides in California and State Farm is organized under the laws of Illinois, where its principal place of business is located. (*Supra*, ¶¶ 17-18).

22. The second CAFA requirement—that the putative class consists of at least 100 members—also is met here. Plaintiff seeks to represent a class including insureds under California Personal Articles Policies and Homeowners Policies whose property damage claims were referred to State Farm's Special Investigative Unit ("SIU") and denied or "paid less than the amount of the fair market value or the replacement value of each loss," which would necessarily include claims where no

indemnity payment was issued. (FAC, ¶ 50). State Farm's investigation shows that it handled thousands of first party property claims made under thousands of Personal Articles Policies and Homeowners Policies issued to thousands of California insureds in the four years preceding the filing of this action that were referred to State Farm's Special Investigative Unit ("SIU") and have not had any indemnity payment issued.

23. The third CAFA requirement—the minimum amount in controversy—is also met. The amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individuals comprising a putative class are aggregated. 28 U.S.C. § 1332(d)(6).

24. Here, Plaintiff alleges that "Plaintiff and Plaintiff class have been, and continue to be, damaged in an amount in excess of the minimum jurisdiction limits of this Court, including but not limited to: the loss of benefits under the insurance contracts [and] consequential damages including interest on monies Plaintiffs could and should have received promptly, but which they did not receive timely." (FAC, ¶ 68). Plaintiff additionally alleges in support of his bad faith claim that "Plaintiff and Plaintiff class have also sustained other economic damages." (FAC, ¶ 89). Plaintiff alleges that he and the Plaintiff Class pray for judgment including "general, special and consequential damages according to proof" and, on the bad faith claim, "punitive damages." (FAC, p. 37).

25. A removing party must present a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," which may be based on a chain of reasoning founded on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). Here, several chains of reasoning based on State Farm's investigation all support that the amount in controversy exceeds $5 million.

26. One chain of reasoning relies on available coverage limits. All first party property loss claims necessarily implicate at least some portion of the available limits. Coverage limits applicable to first party property claims that were made under California Personal Articles Policies and Homeowners Policies (under Coverage B for Contents) in the four years preceding the filing of this action, were referred to State Farm's SIU, and have not had any indemnity payment issued, exceed $400,000,000 (four hundred million dollars). Even assuming those claims involved losses amounting to no more than 2% of the available limits, that would exceed $8 million and the jurisdictional minimum. If the claims implicated only 1% of the available coverage limits, that amount combined with punitive damages of only a one to one ratio (which Plaintiff and the putative class also seek) would also amount to more than $8 million.

27. Another chain of reasoning considers only claims for theft or mysterious disappearance under California Personal Articles Policies insuring a single scheduled item. Coverage limits on State Farm California Personal Articles Policies with a single scheduled item that had a claim for theft or mysterious disappearance in the four years preceding the filing of this action, were referred to SIU, and have not had any indemnity payment issued exceed $4 million. That amount, combined with a one to one punitive damages ratio, amounts to more than $8 million, far in excess of the jurisdictional minimum under CAFA.

28. CAFA also includes a fourth requirement that the primary defendant not be a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A). The only defendant named here is State Farm, which is not a state, state official, or government entity.

29. Finally, the exceptions to CAFA jurisdiction – which Plaintiff bears the burden of establishing – do not apply. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). CAFA provides mandatory exceptions to the

application of federal jurisdiction under 28 U.S.C. § 1332(d)(4)-(5), and one discretionary exception to federal jurisdiction under 28 U.S.C. § 1332(d)(5). Each of the CAFA exceptions require, as a starting point, either an in-state defendant, *see* 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant or requiring the "primary defendant" to be an in-state defendant), or that all claims relate solely to securities or the internal governance of a business entity, *id.* § 1332(d)(9). Here, the only defendant is State Farm, and none of the claims alleged relate to securities or internal governance. Therefore, no CAFA exception applies.

## THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

30. Because the Lawsuit is pending in the Superior Court of California in and for the County of Alameda, removal to this District Court is proper under 28 U.S.C. section 1441(a).

31. State Farm was first served with the Summons, Complaint and First Amended Complaint in the Lawsuit through service of process on its statutory agent on August 18, 2023. State Farm timely filed this Notice in accordance with 28 U.S.C. section 1446(b), because it filed this Notice within thirty (30) days of service of process of the papers setting forth the claim for relief upon which this removal is based.

32. In accordance with the requirements of 28 U.S.C. section 1446(a), which requires a removing defendant to include, with the Notice of Removal, a copy of "all process, pleadings and orders served upon such defendant," attached as Exhibit "A" are true and correct copies of the Summons, Complaint, First Amended Complaint, Civil Case Cover Sheet, Notice of Case Management Order, Notice of Complex Determination Hearing and Minute Order served on State Farm in the Lawsuit. No other documents have been served in the Lawsuit.

33. The defendants designated as Moes 1 through 25 are fictitious defendants and are not parties to this action. State Farm is informed and believes

1  that none of the fictitiously named defendants have been served with a copy of the
2  Summons, Complaint, or First Amended Complaint.  Therefore, the fictitiously
3  named defendants are not parties to this action and need not consent to removal.  *See*
4  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

   34.  A copy of this Notice will be promptly served on counsel for Plaintiff and filed with the Alameda County Superior Court.

Dated:  September 14, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   */s/ Jennifer M. Hoffman*
FRANK FALZETTA
JEFFREY S. CROWE
JENNIFER M. HOFFMAN
KATHERINE SAMPLE
Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY