UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:23-cv-04734-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

# INTRODUCTION

After losing a luxury watch, James Doe filed an insurance claim with State Farm for the value of that watch. State Farm denied that claim. Now, Doe is bringing a purported class action because of that denial, alleging nine causes of action against State Farm. After carefully considering the parties' written submissions, the Court concludes oral argument is not necessary, see N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 16, 2023 hearing, and GRANTS in part and DENIES in part State Farm's motion to dismiss without prejudice and with leave to amend. Doe's complaint fails to sufficiently plead most of his claims, and Doe's response to State Farm's motion to dismiss concedes or ignores most of State Farm's arguments.

# COMPLAINT ALLEGATIONS

Plaintiff purchased a luxury watch on October 3, 2017. (Dkt. No. 10-1 ¶ 6.)[1] Plaintiff also purchased a Personal Articles Policy from State Farm for this wristwatch. (*Id.*) According to Plaintiff, this insurance policy was an "all-risk policy that provides coverage for losses that occur anywhere around the world caused by everyday perils." (*Id.* ¶¶ 6, 15.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    On June 19, 2022, Plaintiff was in a car crash. (*Id.* ¶ 7.) Plaintiff sustained injuries and 2 was transported by ambulance from the accident scene to an emergency room. (*Id.*) Plaintiff 3 "does not recall with any sufficient clarity the events that occurred after" the car accident because 4 he was "overwhelmed by shock, fear, anxiety, and mental fog." (*Id.* ¶ 14.) Plaintiff was also 5 diagnosed with post-concussion symptoms because of the June 19 accident. (*Id.* ¶ 13.) Plaintiff 6 has suffered from "mental illness, emotional traumas, and physical injuries" for several years, but 7 these were all exacerbated by the June 19 car crash. (*Id.* ¶ 11.)

8    Plaintiff's damaged car was towed away from the scene. (*Id.* ¶ 7.) Approximately two 9 weeks after the accident, Plaintiff realized his wristwatch was missing. (*Id.* ¶ 11.) Plaintiff "does 10 not know how, where, and when his wristwatch was lost." (*Id.* ¶ 15.) However, he "believes the 11 subject wristwatch was lost during the commotions following the June 19, 2022 violent car 12 collision." (*Id.* ¶ 22.) Plaintiff last remembers seeing his watch after he "removed it from his left 13 wrist and placed the wristwatch in the left pocket of the hoodie jacket he was wearing while seated 14 in his parked car" on the day of the collision. (*Id.* ¶ 9.) About two weeks after the crash, after he 15 realized his watch was missing, Plaintiff filed a claim for "mysterious disappearance" of his lost 16 watch on State Farm's website. (*Id.* ¶¶ 11, 14.)

17    Plaintiff alleges State Farm used its "Special Investigations Unit . . . to fabricate, 18 manufacture, and deploy untruths, falsehoods, misinformation, and misleading information . . . to 19 deny coverage and cancel the Policy." (*Id.* ¶ 16.) Plaintiff asserts "[d]espite having provided 20 truthful, complete evidence that supported coverage for his Claim and complying with his duties 21 under the Policy . . . State Farm emailed a coverage denial letter to Plaintiff" on January 3, 2023. 22 (*Id.* ¶ 26.) On January 5, 2023, State Farm canceled the insurance policy based on its January 3, 23 2023 letter. (*Id.* ¶ 27.)

24    Plaintiff filed a class action civil complaint in California state court. (Dkt. No. 1 -1 at 5.) 25 Plaintiff seeks to certify a class of "All persons (1) insured under a Personal Articles Policy and 26 homeowners policy issued in California by State Farm; (2) who made a claim to State Farm for 27 damages to or losses of their covered properties; (3) for claims where State Firm [sic] referred the 28 claims to its Special Investigating Unit; (4) and for claims which State Farm denied coverage or

1 paid less than the amount of fair market value or the replacement value of each loss." (Dkt. No.
2 10-1 ¶ 50.)

### PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY

Plaintiff filed this complaint in state court under the pseudonym "James Doe." (Dkt. No. 10-1 at 2.) Courts "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (cleaned up).

Plaintiff asserts he is using a pseudonym "to protect his privacy, his family, his reputation, and his livelihood, because he has been struggling with mental illnesses . . . and continues to need and is still receiving psychiatric treatments." (*Id.*) Additionally, Plaintiff asserts his "struggle with mental illnesses vastly impacted his mental state and memory during the relevant time period" of his claims. (*Id.*) State Farm has objected to Plaintiff proceeding under a pseudonym, arguing Plaintiff cannot met "the high standard required to proceed under a pseudonym." (Dkt. No. 10 at 13 n.1.)

At this stage, not knowing more than what Plaintiff has alleged, the Court grants Plaintiff leave to proceed anonymously on the public docket. However, as more evidence comes to light, proceeding in such manner may no longer be justified.

### PLAINTIFF'S REQUEST FOR REMAND

State Farm removed this case to federal court, asserting this Court has jurisdiction because (1) the case meets the requirements for diversity jurisdiction, 28 U.S.C. § 1332 (Dkt. No. 1 ¶ 1), and (2) the case meets the requirements for removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (*Id.* ¶ 2.) State Farm established this Court has jurisdiction over Plaintiff's

3

claims under either standard. (Dkt. No. 1 ¶¶ 10-29.) However, in his response to Defendant's motion to dismiss, Plaintiff asserts State Farm's motion to dismiss "contradicts its own prior arguments for removal." (Dkt. No. 18 at 2.) Specifically, Plaintiff argues State Farm argues for dismissal of all class claims, while State Farm earlier asserted federal jurisdiction, in part, under the Class Action Fairness Act. Plaintiff asks the Court to "*sua* sponte reconsider State Farm's Notice of Removal." (*Id.* at 3.)

Plaintiff's arguments for remanding to state court are unavailing: this Court has jurisdiction over this case under diversity jurisdiction. Plaintiff concedes he is domiciled in California and State Farm is domiciled in Illinois—providing complete diversity between the parties. The amount in controversy for purposes of removal jurisdiction is determined at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."). Plaintiff does not contest that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction. Indeed, Plaintiff's individual breach of contract and bad faith claims alone—claims which State Farm is not seeking to dismiss—allege an amount of controversy over $75,000. (Dkt. 1 ¶ 12-14.) So, even only including those claims, this Court has subject matter jurisdiction due to diversity jurisdiction.

Moreover, it is not contradictory for State Farm to now argue for dismissal of the claims on which it relied for removing the case to federal court. Class allegations for purposes of removal jurisdiction is determined at the time of removal. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) ("If the putative class action was properly removed to begin with, the subsequent denial of Rule 23 class certification does not divest the district court of jurisdiction.").

In sum, this Court has subject matter jurisdiction over the case and will not remand the case to state court.

**STATE FARM'S MOTION TO DISMISS**

**I.   LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

State Farm does not challenge Plaintiff's breach of contract claim (Claim I), breach of the covenant of good faith and fair dealing claim (Claim II), or wrongful policy cancellation claim (Claim IX). State Farm asserts all other claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6), and the class allegations should be stricken under Federal Rule of Civil Procedure 12(f).

**II.   CLASS ACTION CLAIMS**

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "redundant, immaterial, [or] impertinent" allegations. Fed. R. Civ. Pro. 12(f). Rule 23, which governs class actions, also provides a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). State Farm moves to strike the class claims from Plaintiff's complaint because they present "highly-individualized fact-sensitive inquir[ies]" that "cannot be resolved on a class-wide basis." (Dkt. No. 10 at 14-15.)

Plaintiff does not respond to State Farm's motion to strike Plaintiff's putative class claims. The Court interprets this silence as an abandonment of the class claims. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . , has effectively abandoned his claim.") (cleaned up); *see also United States ex rel. Anita Silingo v.*

1  *WellPoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) (holding a plaintiff who did not defend a claim in response to motions to dismiss may not revive the claim on appeal).  So, the Court STRIKES the putative class claims.  Further, the Court's own review of the complaint's allegations show the allegations do not support proceeding as a class.

### III. UNFAIR COMPETITON LAW

State Farm moves to dismiss Plaintiff's claim State Farm violated California's Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* (Count III). California's Unfair Competition Law defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  "Therefore, under the statute there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009) (cleaned up).  "[B]ad faith insurance practices may qualify as any of the three statutory forms of unfair competition." *Zhang v. Superior Ct.*, 57 Cal. 4th 364, 380 (2013).  "They are unlawful; the insurer's obligation to act fairly and in good faith to meet its contractual responsibilities is imposed by the common law, as well as by statute." *Id.*  "They are unfair to the insured; unfairness lies at the heart of a bad faith cause of action." *Id.*  "They may also qualify as fraudulent business practices. Under the [Unfair Competition Law], it is necessary only to show that the plaintiff was likely to be deceived, and suffered economic injury as a result of the deception." *Id.*

California's Unfair Competition Law "provides only for equitable remedies." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023).  "Federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's Unfair Competition Law . . . including the requisite inadequacy of legal remedies." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 844 (9th Cir. 2020)

Plaintiff fails to plead an inadequate remedy at law, which bars his claims for "restitution" and "disgorgement." (*Id.* ¶ 99.)  *See Sonner*, 971 F.3d at 844 (Plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the

6

[Unfair Competition Law]"); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding a complaint seeking equitable relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law"). Plaintiff alleges State Farm "devis[ed] and implement[ed] schemes to deny coverage for covered and legitimate claims in order to further its own economic and financial interests to the detriment of Plaintiff" and "intentionally fail[ed] by design to conduct reasonable, thorough, and fair investigations of Plaintiff's claim." (Dkt. No. 10-1 ¶ 92.) Plaintiff asserts State Farm "incentivizes employees . . . to fabricate, manufacture, and deploy untruths, falsehoods, misinformation, and misleading information, for the purpose of denying coverage for legitimate claims submitted by its policyholders." (*Id.* ¶ 95.) Finally, Plaintiff alleges State Farm uses a "web-based proprietary claims handing system" which "incorporate[s] nefarious parameters into algorithms to generate untruths, falsehoods, misinformation, [and] misleading information, with the purpose of generating greater profits for State Farm to the detriment of its policyholders." However, Plaintiff has not alleged, nor explained in his briefing, why monetary damages would be an inadequate remedy to compensate for Plaintiff's claims for restitution and disgorgement.

Plaintiff also seeks "an order enjoining State Farm to cease and desist its unfair, unlawful, and unlawful [sic] business acts." (*Id.* ¶ 99.) State Farm has not shown under the facts and claims alleged here that damages are an adequate remedy for Plaintiff's prospective injunctive relief claim. *See Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *11 (N.D. Cal. Aug. 16, 2021) (collecting cases declining "to apply *Sonner* to bar [Unfair Competition Law] claims for injunctive relief, recognizing that the prospect of paying damages is sometimes insufficient to deter a defendant from engaging in an alleged unlawful, unfair, or fraudulent business practice"); *Price v. Wells Fargo & Co.*, No. 22-CV-03128-JSC, 2022 WL 17821590, at *1 (N.D. Cal. Dec. 6, 2022) (declining to apply *Sonner* to an injunctive claim under the Unfair Competition Law at the motion to dismiss stage).

State Farm also asserts Plaintiff has failed to establish standing to seek injunctive relief. "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "For injunctive relief,

7

1  which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural
2  or hypothetical.'" *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  Plaintiff
3  fails to allege any "actual and imminent" injury.  Plaintiff asserts State Farm "devis[es] and
4  implement[s] schemes to deny coverage for covered and legitimate claims" and "intentionally
5  fail[s] by design to conduct reasonable, thorough, and fair investigations of Plaintiff's claim."
6  (Dkt. No. 10-1 ¶ 92.)  According to Plaintiff, this results in State Farm "wrongfully withholding
7  policy benefits from policyholders." (*Id.* ¶ 96.)  So, according to Plaintiff, this policy could result
8  in future injuries through denial of future insurance claims.  However, Plaintiff does not allege he
9  has any existing policies with State Farm that would be affected by State Farm's business
10 practices—to the contrary, Plaintiff alleges State Farm canceled his insurance policy.  (*Id.* ¶ 27.)
11       So, for the above reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's
12 Unfair Competition Law claim.

### IV.     FRAUD

State Farm moves to dismiss Plaintiff's claim for fraud (Count IV).  "The elements of a cause of action for fraud in California are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 974 (Cal.1997)).  Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake" though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (cleaned up).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

Plaintiff fails to establish which of State Farm's specific statements or State Farm's specific conduct constitute fraud.  Plaintiff asserts "State Farm's claim personnel . . . fabricated,

1  manufactured, and deployed untruths, falsehoods, misinformation, and misleading information, adverse and contrary to Plaintiff's Claim." (Dkt. No. 10-1 ¶ 101.) He further explains "State Farm's companywide hiring, performance review processes, employee promotion and retention . . . . incentivizes, promotes, and encourages, internal fraud to be committed against policyholders" and "State Farm deployed fraudulent means to deny benefits to its policyholders who submitted legitimate claims that are covered under the policies they purchased from State Farm." (*Id.* ¶ 102.) However, Plaintiff never identifies any specific language—such as statements from State Farm's advertising, statements in State Farm's letter denying his coverage, or other communications with State Farm—that he alleges constitutes fraud. Further, Plaintiff fails to explain or identify what "internal fraud" he is referencing, or which of State Farm's specific actions constitute this fraud.

Plaintiff argues pleading requirements should be relaxed in this case because "the details of the insurer's secret[] fraudulent scheme . . . are known only to State Farm and its leadership team." (Dkt. No. 18 at 7.) Plaintiff cites *Moore v. Mars Petcare US, Inc.*, for the proposition "[e]ven in cases where fraud is alleged, we relax pleading requirements where the relevant facts are known only to the defendants." 966 F.3d 1007, 1020 (9th Cir. 2020) (quoting *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995)). However, in *Moore*, the court concluded the plaintiffs' complaint "satisfies the Rule 9(b) heightened pleading standard in alleging the basic premise of 'what is false or misleading about a statement, and why it is false.'" *Moore*, 966 F.3d at 1019 (quoting *Vess*, 317 F.3d at 1106). In contrast, Plaintiff's complaint fails to identify any specific statement from State Farm. Further, Plaintiff's claim is titled "State Farm Committed Fraud Against Plaintiff," indicating Plaintiff himself should have the knowledge of which of State Farm's statements or actions were fraudulent, that he relied on those statements, and how his reliance impacted him. Plaintiff alleges none of that specific information.

So, Defendant's motion to dismiss Plaintiff's fraud claim is GRANTED.

## V. INFLICTION OF EXTREME EMOTIONAL AND MENTAL DISTRESS

Plaintiff's fifth claim is infliction of extreme emotional and mental distress. Plaintiff alleges "State Farm's conduct . . . was reckless, outrageous, and likely intentional" because "Plaintiff had advised State Farm . . . that he had been under treatment for his preexisting mental

9

1   illness and emotional traumas. Yet, State Farm knowingly and recklessly acted to compound
2   Plaintiff's mental illness and emotional traumas." (Dkt. No. 10-1 ¶ 104.)

3   California law does not recognize negligent infliction of emotional distress claims against
4   insurers. In California, "there is no such thing as the independent tort of negligent infliction of
5   emotional distress," instead, negligent infliction of emotional distress is a "species of negligence."
6   *Lawson v. Mgmt. Activities, Inc.*, 69 Cal. App. 4th 652, 656 (1999) (cleaned up). However, in
7   California, "[n]egligence is not among the theories of recovery generally available against
8   insurers." *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999); *see
9   also Adelman v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 352, 369 (2001) ("If an insured seeks to
10  recover in tort for an insurer's mishandling of a claim, it must allege more than mere
11  negligence."); *Cobarrubias v. Allstate Ins. Co.*, No. CV-98-4136-R-CWX, 1998 WL 656571, at
12  *1 (C.D. Cal. July 10, 1998) ("The third cause of action for negligence against Allstate is barred as
13  a matter of law because the standard for tort liability against an insurance company is bad faith,
14  not negligence."). Instead, California courts require plaintiffs to establish "bad faith" of an insurer
15  to recover tort damages. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1995) ("In
16  California, mere negligence is not enough to constitute unreasonable behavior for the purpose of
17  establishing a breach of the implied covenant of good faith and fair dealing in an insurance case.").
18  So, Plaintiff cannot bring a negligent infliction of emotional distress claim against State Farm.

19  Plaintiff also has not pleaded the elements of an intentional infliction of emotional distress
20  claim. "A cause of action for intentional infliction of emotional distress exists when there is (1)
21  extreme and outrageous conduct by the defendant with the intention of causing, or reckless
22  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or
23  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the
24  defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Plaintiff has not
25  done so, because Plaintiff has failed to allege State Farm engaged in any "extreme and outrageous
26  conduct." "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of
27  that usually tolerated in a civilized community." *Id.* 1050–51. Plaintiff's allegations that State
28  Farm denied his claim and caused him to suffer through its investigative process does not rise to

the level of "outrageous" conduct as defined by California courts. Moreover, California courts have held improperly investigating and denying an insurance claim is not "extreme and outrageous conduct." *See Coleman v. Republic Indem. Ins. Co.*, 132 Cal. App. 4th 403, 417 (2005) ("[D]elay or denial of insurance claims is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress.").

Plaintiff also fails to plead any facts supporting a plausible inference of severe emotional suffering caused by State Farm's conduct. While Plaintiff alleges State Farm's denial of his claim "compound[ed] Plaintiff's mental illness and emotional traumas," Plaintiff fails to allege facts that plausibly support an inference of the extent to which State Farm compounded his emotional distress, or any indication of what that distress entailed. (Dkt. No. 10-1 ¶ 104.) *See Hughes*, 46 Cal. 4th at 1051 (explaining the "requirement that the plaintiff show severe emotional distress" is a "high bar" which requires "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." (cleaned up)).

Plaintiff's response cites the California Supreme Court in *Gruenberg v. Aetna Insurance Company*, 9 Cal. 3d 566 (1973), arguing it establishes "Plaintiff may recover damages for mental distress caused by State Farm's bad faith handling of his claim." (Dkt. No. 18 at 6). While Plaintiff may be able to recover damages for mental distress based on his breach of good faith and fair dealing claim, *Gruenberg* does not allow Plaintiff to allege an independent cause of action for the intentional infliction of emotional distress without alleging the required elements. In *Gruenberg*, the court held "mental suffering constitutes an aggravation of damages when it naturally ensues from the act complained of." *Id.* at 579 (cleaned up). However, the plaintiff in *Gruenberg* did not make an independent claim for emotional distress, but rather alleged emotional disturbance as an element of damages. *Id.* at 570-73 (explaining the plaintiff's complaint contained "only one count"—a "cause of action in tort against defendants for breach of an implied duty of good faith and fair dealing"—and sought damages for "severe economic damage" and "severe emotional upset and distress"). Here, Plaintiff is alleging a separate and independent count of intentional emotional distress, which requires Plaintiff to plead some extreme or outrageous conduct. Since Plaintiff has failed to do so, Defendant's motion to dismiss this claim

11

is GRANTED.

## VI.     THE UNRUH CIVIL RIGHTS ACT

Plaintiff's sixth cause of action alleges State Farm violated the Unruh Civil Rights Act. The Unruh Civil Rights Act creates a civil cause of action for anyone "denied the right" to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" because of "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration statute." Cal. Civ. Code §§ 51(b), 52. California courts require proof of intentional discrimination by a defendant for a plaintiff to succeed on an Unruh Act claim. *Futterman v. Kaiser Found. Health Plan, Inc.*, 91 Cal. App. 5th 656, 669, (2023), *as modified on denial of reh'g* (June 6, 2023), *review denied* (Aug. 23, 2023).[2] "Intentional discrimination requires willful, affirmative misconduct." *Liapes v. Facebook, Inc.*, 313 Cal. Rptr. 3d 330, 340 (2023) (cleaned up).

Plaintiff alleges he is a protected class under the Unruh Act because of his mental illness. Further, he asserts "State Farm's claim personnel . . . knowing, and intentionally with a conscious disregard of the known rights of Plaintiff, discriminated against Plaintiff because of his mental illness" and "exploited [Plaintiff's] vulnerabilities stemming from his mental illness." (Dkt. No. 10-1 ¶ 107.) Plaintiff alleges the Special Investigations Unit Specialist "unilaterally canceled" a scheduled interview "after Plaintiff informed her that he had taken a certain prescription medication, as prescribed by his long time psychiatrist, for panic attacks, blood phobia, and anxiety." (*Id.* ¶ 17.) After telling Plaintiff she was "uncomfortable" proceeding, Plaintiff asserts that State Farm employee "refer[ed] the matter to an attorney to conduct an examination under oath of Plaintiff." *Id.* Construing these allegations "in light most favorable to the plaintiff," *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018), Plaintiff has alleged

---

[2] There is one exception to the "intentional discrimination" requirement: "A plaintiff who establishes a violation of the [Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*] . . . need not prove intentional discrimination in order to obtain damages under" the Unruh Civil Rights Act. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009). Since Plaintiff does not allege a violation of the ADA, this exception does not apply.

1  State Farm subjected Plaintiff to a different claims process because of his mental illness—Plaintiff
2  alleges he was subjected to questioning by outside counsel, rather than the typical questioning by a
3  member of the Special Investigations Unit.
4  State Farm urges "Plaintiff cannot show that State Farm's coverage investigation would
5  have turned out differently if he had no mental illness, because his own allegations reflect that he
6  provided different accounts of the loss." (Dkt. No. 10 at 27.)  However, at the pleading stage,
7  Plaintiff does not need to "show" the coverage investigation would have turned out differently if
8  he had no mental illness; he need only plausibly allege he was denied "full and equal . . .
9  services," which he has done.  Plaintiff has plausibly pled State Farm treated him differently
10  because of his mental illness.  State Farm argues "[n]othing suggests that State Farm would have
11  accepted Plaintiff's claim of coverage given those conflicting accounts if he had no mental illness"
12  so "Plaintiff's true complaint is that State Farm did *not* treat him differently because of his alleged,
13  unspecified 'mental illness.'" (*Id.*)  However, Plaintiff alleges the process of investigation itself
14  was different because he informed State Farm of his mental illness—meaning the services he
15  received were not "equal" to those without such a mental illness.
16  So, the court DENIES Defendant's motion to dismiss Plaintiff's Unruh Act claim.

## VI.  CONSUMERS LEGAL REMEDIES ACT CLAIM

The Consumers Legal Remedies Act, California Civil Code §1750, *et* seq., prohibits false or misleading advertising.  Plaintiff concedes this cause of action "is untenable at this time." (Dkt. No. 18 at 8.)  So, the Court GRANTS Defendant's motion to dismiss Plaintiff's Legal Remedies Act Claim.

## VII.  DEFAMATION

Plaintiff's eighth cause of action is defamation.  In California, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017), *as modified* (Apr. 19, 2017) (cleaned up).  To plead a defamation claim, "[t]he general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (Ct.

App. 1991), *reh'g denied and opinion modified* (Sept. 6, 1991).  While Plaintiff need not "state the exact words" of the alleged defamation, he is required to "alleg[e] the substance of the defamatory statement."  *Okun v. Superior Ct.*, 29 Cal. 3d 442, 458 (1981).

Plaintiff alleges "State Farm filed reports like a Comprehensive Loss Underwriting Exchange ("CLUE") report about Plaintiff and his claim to insurance claim watchdogs and third party insurance claims tracking databases, falsely accusing Plaintiff of committing insurance fraud."  (Dkt. No. 10-1 ¶ 114.)  Thus, Plaintiff's complaint refers to a specific document (the Comprehensive Loss Underwriting Exchange report), and makes specific allegations about the content of that document (alleging State Farm "falsely accus[ed] Plaintiff of committing insurance fraud").  So, Plaintiff has met the specificity requirements to plead a defamation claim.

State Farm moves to dismiss Plaintiff's defamation claim because "[s]tatements by an insurer reporting suspected insurance fraud are protected by" the Insurance Frauds Prevention Act and "California's broad litigation privilege."  (Dkt. No. 10 at 22 (citing Cal. Ins. Code § 1871, *et seq.*, Cal. Civ. Code § 47).)

California's statutory insurer reporter privilege provides a qualified privilege to insurers.  California Insurance Code § 1872.5 states "[n]o insurer . . . shall be subject to civil liability for libel, slander, or any other relevant tort cause of action" for providing "[a]ny information or reports relating to suspected fraudulent insurance transaction furnished to law enforcement officials, or licensing officials governed by the Business and Professions Code" so long as that information is provided "without malice."  Cal. Ins. Code § 1872.5.  So, California's statutory insurer reporter privilege provides insurers "qualified immunity," because it only provides immunity to insurers who act "without malice."  *Fremont Comp. Ins. Co. v. Superior Ct.*, 44 Cal. App. 4th 867, 872 (1996). "The defendant has the initial burden of showing the allegedly defamatory statement was made on a privileged occasion, whereupon the burden shifts to the plaintiff to show the defendant made the statement with malice."  *Hui v. Sturbaum*, 222 Cal. App. 4th 1109, 1119 (2014).  "Actual malice" is "established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless

14

disregard of the plaintiff's rights." *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007). Actual malice can be established by circumstantial evidence, such as "[a] failure to investigate, anger and hostility toward the plaintiff, reliance upon sources known to be unreliable, or known to be biased against the plaintiff" because such factors "indicate that the publisher himself had serious doubts regarding the truth of the publication*.*" *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 701 (2020), *as modified on denial of reh'g* (Aug. 24, 2020) (cleaned up). "[I]naction,' i.e., failure to investigate, which was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of [the subject] charges will support a finding of actual malice." *Id.*

Plaintiff has plausibly alleged State Farm acted with "actual malice." Plaintiff alleges State Farm "intentionally fail[ed] to conduct reasonable, thorough, and fair investigations of Plaintiff's claim." (Dkt. No. 10-1 ¶ 92.) Plaintiff further alleges "[i]nstead of investigating Plaintiff's claim in good faith, State Farm used it[s] Special Investigation Unit ("SIU") to fabricate, manufacture, and deploy untruths, falsehoods, misinformation, and misleading information." (*Id.* ¶ 16.) Finally, Plaintiff asserts State Farm "discriminated against Plaintiff because of his mental illnesses." (*Id.* ¶ 107.) Plaintiff plausibly alleges facts supporting an inference of discrimination, because he pleads State Farm's investigation process was different because of his mental illness. Further, Plaintiff pleads State Farm deliberately decided not to investigate before accusing Plaintiff of insurance fraud. (*Id.* ¶¶ 92, 95 (alleging State Farm "intentionally fail[ed] by design to conduct reasonable, thorough, and fair investigations of Plaintiff's claim" because State Farm's "[p]erformance reviews, pay raises, and promotions . . . are driven by the number of claims denied").) So, viewing all allegations in the light most favorable to Plaintiff, Plaintiff has alleged both the defamatory statement was "motivated by hatred or ill will" and State Farm "acted in reckless disregard of the plaintiff's rights" by making the statement before conducting an adequate investigation.

California's litigation privilege, California Civil Code § 47(b), provides a publication is "privileged" if it is made in "any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other

15

1  proceeding authorized by law." Cal. Civ. Code § 47(b).  The litigation privilege extends to
2  communications "made in judicial or quasi-judicial proceedings." *GetFugu, Inc. v. Patton Boggs*
3  *LLP*, 220 Cal. App. 4th 141, 152 (2013) (quoting *Silberg v. Anderson* 50 Cal.3d 205, 212 (1990)).
4  "[Q]uasi-judicial government authorities" include "administrative agencies regulating a particular
5  business" such as reports to the "Department of Insurance Bureau of Fraudulent Claims."
6  *Fremont Comp. Ins. Co. v. Superior Ct.*, 44 Cal. App. 4th 867, 876 (1996).  The litigation
7  privilege "is absolute in nature, applying to all publications, irrespective of their maliciousness."
8  *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007) (cleaned up).
9  "However, republications to nonparticipants in the action are generally not privileged under [the
10 litigation privilege], and are thus actionable unless privileged on some other basis." *Id.*
11 (quotations and citations omitted).

12       Defendants have not shown the litigation privilege applies to the alleged defamatory
13 statements, because Defendants have not established the statements were made to "judicial or
14 quasi-judicial" authorities.  Plaintiff alleges the defamatory reports were published to "insurance
15 claim watchdogs and third party insurance claims tracking databases." (Dkt. No. 10-1 ¶ 114.)
16 Since Plaintiff plausibly alleges State Farm made defamatory statements to non-governmental
17 third parties and watchdogs, Defendants have not established the litigation privilege protects those
18 statements.

19       So, Defendant's motion to dismiss this claim is DENIED, as Defendant has failed to show
20 accepting Plaintiff's allegations of defamatory conduct as true, Defendant's conduct is privileged.

21 **VIII.   LEAVE TO AMEND**
22       Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so
23 requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  The
24 Court therefore gives Plaintiff leave to amend his complaint, provided Plaintiff can do so
25 consistent with Federal Rules of Civil Procedure 11.  Plaintiff shall file any amended complaint by
26 November 22, 2023.

27 **CONCLUSION**
28       For the reasons stated above, the Court GRANTS in part and DENIES in part State Farm's

motion to dismiss. The surviving claims are:

1. Plaintiff's breach of contract claim (Claim I)

2. Plaintiff's breach of the covenant of good faith and fair dealing claim (Claim II)

3. Plaintiff's Unruh Civil Rights Act Claim (Claim VI)

4. Plaintiff' defamation claim (Claim VIII)

5. Plaintiff's wrongful policy cancellation claim (Claim IX).

Plaintiff shall file any amended complaint, if any, by November 22, 2023. If Plaintiff does not file an amended complaint by that date, the case will proceed on the above claims.

The Court sets an Initial Case Management Conference set for December 14, 2023, at 1:30 p.m. by Zoom webinar. A Joint Case Management Conference Statement is due by December 7, 2023.

**IT IS SO ORDERED.**

Dated: November 8, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

17