UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOE,<br><br>                Plaintiff,<br><br>        v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>                Defendant. | Case No. 23-cv-04734-JSC<br><br>**ORDER REQUIRING PLAINTIFF TO PROCEED UNDER HIS ACTUAL NAME**<br><br>Re: Dkt. No. 56 |

Plaintiff filed suit against his insurer for breach of contract and breach of the implied covenant using a pseudonym. The Court issued an order to show cause why Plaintiff should not proceed under his own name. (Dkt. No. 56.) Having considered Plaintiff's response, the Court RESCINDS its prior order permitting Plaintiff to proceed anonymously.

**I.     BACKGROUND**

Plaintiff alleges State Farm "improperly and in bad faith denied coverage for his claim" involving a lost wristwatch that retails at $30,300. (Dkt. No. 10-1 ¶¶ 6, 7, 45.) He filed his complaint in state court under the pseudonym "James Doe," insisting a pseudonym was necessary "to protect his privacy, his family, his reputation, and his livelihood, because he has been struggling with mental illnesses." (*Id.* at 2.) State Farm objected, arguing Plaintiff cannot meet "the high standard required to proceed under a pseudonym." (Dkt. No. 10 at 13 n.1.) In ruling on State Farm's motion to dismiss, the Court held: "At this stage, not knowing more than what Plaintiff has alleged, the Court grants Plaintiff leave to proceed anonymously on the public docket. However, as more evidence comes to light, proceeding in such manner may no longer be justified." (Dkt. No. 22 at 3.)

On August 26, 2024, the Court issued an order to Plaintiff to show cause why he should

1  not proceed under his actual name. (Dkt. No. 56.) Because "any discussion of Plaintiff's mental
2  health treatment or diagnosis can be redacted from the public docket," the Court ordered Plaintiff
3  to demonstrate why such redactions were insufficient. (*Id.*) Plaintiff filed his response.[1] (Dkt.
4  No. 65).

## LEGAL STANDARD

While use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings," the Court may permit parties "to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal citations omitted). The Ninth Circuit has outlined three situations when use of a pseudonym is permissible: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "when the anonymous party is compelled to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up). Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.*

Initially, Plaintiff asserted he needed to proceed anonymously "because he has been struggling with mental illnesses, which are stigmatized in our society." (Dkt. No. 10-1 at 2.) In his response to the OSC, Plaintiff shifts his focus to the "stigmatization to him and his young family from being accused of committing insurance fraud." (Dkt. No. 67 at 2.) According to Plaintiff, the Special Investigation Unit Claim Specialist assigned to his case "treated Plaintiff presumptively fraudulently," which was "tantamount to the government depriving Plaintiff of due process." (*Id.* at 34.) Because the investigator "reckless[ly] accused Plaintiff of making material

---

[1] On September 15, 2024, Plaintiff filed an amended response "with no changes to" the previously filed response "except for the inclusion of citations to Plaintiff's Declaration." (Dtk. No. 67 at 2 n.1.) Plaintiff requested guidance on whether to file a motion for leave to file the amended response. (*Id.* at 2 n.2.) Plaintiff need not seek leave. The Court accepts Plaintiff's amended response.

2

misrepresentations," Plaintiff contends he is at risk of disbarment, criminal penalties, and confinement in California state prison. (*Id.* at 4.)

Because State Farm has not threatened retaliation, and because Plaintiff is not forced to admit intent to engage in illegal conduct, Plaintiff must be arguing anonymity is "necessary to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. But his circumstances do not resemble cases where courts permitted anonymity under this exception. *See, e.g.*, *Doe v. Krogh*, No. CV-21-08086-PCT-DWL, 2021 WL 1967165, at *1 (D. Ariz. May 17, 2021) (permitting pseudonyms where plaintiffs were victims of childhood sexual harassment); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (permitting pseudonym where plaintiff was victim of sex tracking); *Doe K.G. v. Pasadena hospital Ass'n, Ltd.*, No. 218CV08710ODWMAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (permitting anonymity "[g]iven the serious and sensitive nature of the allegations of repeated sexual assault by Plaintiffs").

Even when courts did not explicitly invoke the *Advanced Textile* court's framework, the rationale for anonymity was similar: "Secrecy is generally accepted…as 'necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.'" *Doe v. Krogh*, No. CV-21-08086-PCT-DWL, 2021 WL 1967165, at *1 (D. Ariz. May 17, 2021) (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)); *see, e.g.*, *United States v. Doe*, 488 F.3d 1154, 1156 (9th Cir. 2007) (permitting defendant who pled guilty to production of child pornography to use pseudonym); *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) (permitting "a survivor of clergy sexual abuse" to proceed anonymously). Plaintiff's case is of a different kind. In Plaintiff's words, it is "Class Action Complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, and other causes of action [that] arose out of a first-party insurance claim." (Dkt. No. 10-1 ¶ 6.) Plaintiff does not identify a single case where an accusation of fraud justified anonymity and provides no rationale for carving out a new exception.

Plaintiff also does not explain how his insurer having denied his claim based on its finding Plaintiff misrepresented or concealed facts will result in disbarment, criminal penalties, or

1  incarceration.  All three results would require separate proceedings; they would not flow from this
2  civil action in which Plaintiff himself filed suit.  And these results would occur only if Plaintiff in
3  fact committed fraud.  It is not in the public interest to hide from the public that a licensed attorney
4  was found by a jury or some other court to have committed fraud.  *Compare with Wyndham*
5  *Hotels*, 2020 WL 4368214, at *10 ("[A]llowing victims of sexual assault to proceed anonymously
6  serves strong public interest because other victims will not be deterred from reporting such
7  crimes.").

8  Plaintiff contends there is no prejudice to State Farm because it has known Plaintiff for
9  over 30 years.  That may be true, but it does not account for strong the public interest in
10 disclosure.  *See Advanced Textile,* 214 F.3d at 1067; *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.
11 Supp. 3d 990, 993 (N.D. Cal. 2015) ("Anonymity, however, cuts against the bedrock principle that
12 courts and judicial records are open."); *see also* Fed. R. Civ. P. 10 (stating "the title of the
13 complaint must name all the parties").  This is not "the unusual case when nondisclosure of the
14 party's identity is necessary."  *See Advanced Textile Corp.*, 214 F.3d at 1067–68.

15 Because Plaintiff has failed to overcome the presumption that parties' identities are public
16 information, the Court rescinds its order permitting Plaintiff to proceed anonymously.  All future
17 filings must include Plaintiff's actual name.  Likewise, the Court's order regarding Defendant's
18 pending motion for summary judgment will use Plaintiff's actual name.

19 **IT IS SO ORDERED.**
20 Dated: September 23, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

4