UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 23-cv-04734-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO STAY SEPTEMBER 23, 2024 ORDER**<br><br>Re: Dkt. No. 75 |

Plaintiff filed his complaint under a pseudonym. The Court subsequently issued an order requiring Plaintiff to proceed using his actual name. (Dkt. No. 68.) Plaintiff appealed that order, and he now seeks to stay the Court's order while his appeal is pending. Having considered the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion to stay the Court's order requiring him to proceed under his actual name. Plaintiff has not shown a likelihood of success on the merits or irreparable injury.

**BACKGROUND**

Plaintiff alleges State Farm "improperly and in bad faith denied coverage for his claim" involving a lost wristwatch that retails at approximately $30,300. (Dkt. No. 10-1 ¶¶ 6, 7, 45.) He filed his complaint under the pseudonym "James Doe," insisting a pseudonym was necessary "to protect his privacy, his family, his reputation, and his livelihood, because he has been struggling with mental illnesses." (*Id.* at 2.) The Court initially granted his request over State Farm's objection. (Dkt. Nos. 10 at 13 n.1; 22 at 3.) The Court cautioned that "as more evidence comes to light," proceeding anonymously "may no longer be justified." (Dkt. No. 22 at 3.)

In August 2024, the Court issued an order to Plaintiff to show cause why he should not

1 proceed under his actual name, since "any discussion of Plaintiff's mental health treatment or
2 diagnosis can be redacted from the public docket." (Dkt. No. 56.) On September 23, 2024,
3 having considered Plaintiff's response, the Court rescinded its order permitting Plaintiff to proceed
4 anonymously. (Dkt. No. 68.) Plaintiff filed a notice of appeal in the Ninth Circuit challenging the
5 September 23, 2024 order requiring Plaintiff to proceed under his actual name. (Dkt. No. 69.)

6 On October 10, 2024, the Court heard oral argument on State Farm's motion for summary
7 judgment via Zoom video. (Dkt. No. 72.) Plaintiff, proceeding pro se, appeared at the hearing.
8 The Court informed Plaintiff his actual name "appear[ed] on the Zoom" screen. (*Id.* at 3.)
9 Although Plaintiff had yet to file a motion to stay the Court's order requiring him to proceed under
10 his actual name, the Court said it would call Plaintiff "'Mr. Doe' for the moment." (*Id.*) The
11 Court informed Plaintiff if he wished to seek a stay, he must move by October 17, 2024. (*Id.*)

12 The Court referred to Plaintiff as "Mr. Doe" in its October 11, 2024 summary judgment
13 order. (Dkt. No. 74.) The Court granted summary judgment in favor of State Farm on Plaintiff's
14 claims for breach of the covenant of good faith and fair dealing, the Unruh Civil Rights Act, and
15 defamation. (*Id.* at 8-13.) The Court denied State Farm's motion as to the breach of contract and
16 wrongful policy cancellation claims. (*Id.* at 5-8.) Jury trial is scheduled to commence in May
17 2025. (Dkt. No. 57.)

18 On October 17, 2024, Plaintiff filed the pending motion to stay the order requiring him to
19 proceed under his actual name. (Dkt. No. 75.)

20 **DISCUSSION**

21 The Court has discretion to grant a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418,
22 433 (2009). Four factors come into play:

23 > (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be
24 > irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
25 > (4) where the public interest lies.

26

27 *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 434).
28 "The first two factors . . . are the most critical"; the last two are reached only "[o]nce an applicant

2

satisfies the first two factors." *Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken*, 556 U.S. at 433-35). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

## I.     LIKELIHOOD OF SUCCESS ON THE MERITS

In the Ninth Circuit, parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quotation marks omitted). While Plaintiff asserts two justifications for anonymity, neither raises "a fair prospect of success." *See Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (explaining the "minimum quantum of likely success necessary to justify a stay" could be articulated as "reasonable probability," "fair prospect," or "a substantial case on the merits").

First, Plaintiff argues anonymity is necessary because he "has revealed highly sensitive and personal matters about himself, his mental illnesses and physical injuries" in the course of the case. (Dkt. No. 75 at 6.) But he does not identify where in the record those highly sensitive matters are discussed. In his pleadings he repeatedly, and without support, states he suffers from "mental illnesses" without further elaboration. And, as the Court observed in its order to show cause, "[t]o the extent there is any discussion of Plaintiff's mental health treatment or diagnosis, such discussion can be redacted from the public docket." (Dkt. No. 56.) In his response to the order to show cause, Plaintiff did not argue such redactions would be insufficient. (Dkt. No. 65.) His present motion also fails to address why the presence of sensitive health information warrants anonymity rather than redactions, the latter being a common occurrence in federal court. *See, e.g.*, *Heldt v. Guardian Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. 2018) (granting motion to seal documents "containing specific medical information"); *Lombardi v. TriWest Healthcare All. Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (granting motion to seal as to "documents contain[ing] sensitive personal and medical information"). To this day, Plaintiff has not sought to redact any portions of his filings, assuming anything in them may be concealed from the public. So, Plaintiff is unlikely to prevail on this theory.

3

1     Second, Plaintiff argues anonymity is necessary because the accusation of insurance fraud will "ruin[] [his] reputation for honesty before a jury has passed judgment on his credibility and honesty at trial." (Dkt. No. 75 at 10.) Plaintiff states the case "involves grave social stigmatization to Plaintiff" because he has been accused "of committing or seeking to commit insurance fraud." (*Id.* at 9-10.) But Plaintiff has not demonstrated by a reasonable probability that an insurer's material misrepresentation defense transforms a breach of contract claim into "a matter of sensitive and highly personal nature." *See Advanced Textile Corp.*, 214 F.3d at 1068. No case supports Plaintiff's surprising assertion.

    The two cases Plaintiff cites are factually distinguishable; in both, it was not the accusation of insurance fraud but the sensitive nature of the insurance claim itself that justified anonymity. In *KHB*, the plaintiff filing suit against his insurer sought coverage for the wilderness recovery program he enrolled in after being "hospitalized due to a second attempt to commit suicide." *K.H.B. by & through K.D.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018). The plaintiff was a minor when he attended the program but filed suit as an adult. *Id.* The court permitted the plaintiff to proceed under his initials. *Id.* at *2. That the plaintiff "had more than one suicide attempt, was diagnosed with several mental illnesses, and had issues with substance abuse"—coupled with the fact that these events occurred when he was a minor—"create[d] an interest for plaintiff that this history should not follow plaintiff for the rest of his life." *Id.* at *1. The court added that denying the plaintiff's request to proceed anonymously "would incentivize insurance providers to implement a business strategy that tilts towards denying socially stigmatizing claims, forcing claimants to litigate the stigmatizing claims publically or elect to not pursue recovery." *Id.* at *2.

    Similarly, in *Doe v. United of Omaha Life Ins. Co.*, No. 23-CV-02307-JST, 2023 WL 5919287, at *1 (N.D. Cal. Aug. 21, 2023), the complaint alleged the plaintiff "suffer[ed] from severe major depressive disorder, generalized anxiety disorder, severe cannabis use disorder, opioid use disorder, and insomnia." *Id.* at *1. The court concluded "[a]ssociating Plaintiff with this combination of conditions, especially his substance use disorders, through disclosure of his identity would necessarily expose Plaintiff to social stigma and would threaten future job

4

1    opportunities that he may pursue." *Id.*

2       This case, in contrast, does not involve a "socially stigmatizing claim[]." *Id.* Whereas the

3    insured in *KHB* sought coverage for an addiction recovery program, Plaintiff here is seeking

4    coverage for a lost wristwatch. And whereas the plaintiff's complaint in *United* listed specific

5    mental health conditions, Plaintiff's complaint here refers generally (and without evidentiary

6    support) to "mental illnesses"—which he alleges "vastly impacted his mental state and memory

7    during the relevant time period" when State Farm investigated his insurance claim—without

8    elaboration. (Dkt. No. 10-1 at 2 n.1.) The lack of specificity in Plaintiff's complaint is telling; it

9    suggests the mental health issues are ancillary to his complaint rather than the core of the dispute.

10   Moreover, the *KHB* court found it significant the key facts occurred when the plaintiff was a

11   minor, which is not the case for Plaintiff here.

12      *KHB* and *United* demonstrate that proceeding anonymously against an insurer is

13   appropriate when the breach of contract claim involves sensitive and stigmatizing information.

14   But to extend that rationale to the claim here—a contract dispute about a luxury watch—is

15   inconsistent with the "presumption that parties' identities are public information." *See Advanced*

16   *Textile*, 214 F.3d at 1068. If an accusation of insurance fraud were sufficiently stigmatizing to

17   warrant anonymity, then plaintiffs could proceed anonymously virtually anytime they challenge an

18   insurer's denial of coverage on the basis of a material misrepresentation, which would be contrary

19   to the Ninth Circuit's mandate that parties "use pseudonyms in the 'unusual case.'" *Id.* at 1067.

20      In sum, because Plaintiff has not shown he "has a substantial case for relief on the merits,"

21   this factor weighs against a stay. *See Leiva-Perez*, 640 F.3d at 968.

22   **II.    IRREPARABLE INJURY**

23      Further, Plaintiff has not demonstrated he will be irreparably injured absent a stay.

24   Plaintiff asserts harm to his reputation, arguing he "fears that people who know him will shun and

25   ostracize him because he would be seen and perceived as dishonest for being accused of

26   committing or seeking to commit insurance fraud." (Dkt. No. 75 at 9.) As an initial matter, the

27   injury Plaintiff fears has already occurred to some extent by Plaintiff's own doing. He appeared at

28   a public hearing using his actual name. (Dkt. No. 76.) Although the Court informed Plaintiff his

1   name was visible on the screen, Plaintiff proceeded without adjustment.  (Dkt. No. 76 at 3.)

2   Further, in its recent summary judgment order, the Court concluded there was a dispute of
3   fact as to whether Plaintiff intentionally concealed or misrepresented a material fact or
4   circumstance relating to his insurance.  (Dkt. No. 74 at 5.)  So, at this point in this proceeding,
5   there has been no finding of insurance fraud.  And Plaintiff provides no legal authority to support
6   his assertion an insurer's accusation of fraud—in the form of a material misrepresentation
7   defense—inflicts injury.

8   In the absence of precedent demonstrating irreparable injury, and given Plaintiff himself
9   proceeded at a public hearing without taking steps to prevent the very disclosure he claims is so
10  injurious, Plaintiff has not met his burden on the irreparable injury factor.

11  Because Plaintiff does not meet his burden on the first two factors, the Court need not
12  consider whether a stay will substantially injure the other parties interested in the proceeding and
13  where the public interest lies.  *Al Otro Lado*, 952 F.3d at 1006–07 (quoting *Nken*, 556 U.S. at 434)
14  (the last two factors are reached only "[o]nce an applicant satisfies the first two factors.").  The
15  Court notes, however, that as summary judgment was denied on the breach of contract claim, the
16  case is proceeding to trial.  The public interest lies in transparent and public court proceedings,
17  especially trials.

18  For all these reasons, the Court DENIES Plaintiff's motion to stay the order requiring
19  Plaintiff to proceed under his actual name.

20  **III.    ADMINISTRATIVE MOTION RE SEALING**

21  When State Farm moved for summary judgment, it filed an accompanying administrative
22  motion to consider whether another party's material should be sealed.  (Dkt. No. 49.)  At that time,
23  the Court had not yet ordered Plaintiff to proceed under his actual name.  So, in its publicly filed
24  compendium of evidence in support of its motion for summary judgment, State Farm filed all
25  exhibits under seal. (Dkt. No. 49 at 5.)   Plaintiff, the designating party, did not respond to State
26  Farm's administrative motion regarding sealing.

27  There is a presumption of public access to judicial records and documents.  *Nixon v.*
28  *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling

reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted). Further, Civil Local Rule 79-5 requires the parties to "narrowly tailor" their requests only to the sealable material. Although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

As observed above, while Plaintiff's identity is not confidential, he has a privacy interest in his medical and mental health information. So, Plaintiff has until December 6, 2024 to respond to State Farm's administrative motion. In his response, Plaintiff should designate which documents or portions of documents he seeks to seal and compelling reasons for doing so.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to stay its order requiring Plaintiff to proceed under his actual name.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: November 26, 2024

JACQUELINE SCOTT CORLEY
United States District Judge